Dear Mr. Welborn,
You have requested an opinion from the Attorney General regarding the status of election returns under the Public Records Law. You state in your letter to our office that it has been the practice of media outlets to offer cash payments to election commissioners-in-charge for election return information before such information is submitted to the clerk of court's office. Specifically, you present the following issues:
 1. Is the data base of commissioners maintained by the clerk of court considered public records? Are election commissioners considered public servants and, if so, what data is permissible to transmit to third parties? (i.e., home telephone numbers and addresses) Do requests for such information have to be in written form?
 2. At what time are election returns public information? When posted outside the precinct or when the clerk of court actually receives the tab sheets at his/her office on election night?
 3. What authority, responsibility, and liability does the clerk of court and/or the Parish Board of Election Supervisors maintain with respect to private arrangements between election commissioners and private parties?
In answer to your first question, both election commissioners and commissioners-in-charge are public employees. LSA-R.S. 42:1 defines public office as "any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state." Said provision further defines public officer as "any person holding a public office in this state." Additionally, in regard to state workers' compensation laws, our office has opined that an election commissioner is a "public official", but not a "state employee". (Op.Atty.Gen., No. 91-517, Nov. 8, 1991.)
Your first question states concern for the dissemination of information relative to these commissioners. Specifically, you ask whether telephone numbers and home addresses may be released to third parties under the Public Records Act, LSA-R.S. 44:1 et seq. Section 44:11(A) provides:
 Notwithstanding anything contained in this Chapter or any law to the contrary, the following items in the personnel records of a public employee of any public body shall be confidential:
 (1) The home telephone number of the public employee where such employee has chosen to have a private or unlisted home telephone number because of the nature of his occupation with such body.
 (2) The home telephone number of the public employee where such employee has requested that the number be confidential.
 (3) The home address of the public employee where such employee has requested that the address be confidential.
It has been and remains the opinion of this office that names, addresses and telephone numbers of public employees are subject to disclosure under the Public Records Act. However, if an employee has an unlisted telephone number or requests that his home telephone number remain confidential, the public employer shall maintain the confidentiality of the number and shall not disclose it. Further, when a public employee has specifically directed that his home address be kept confidential, the right to privacy, as established by Article I, Section 5 of the Louisiana Constitution, dictates that the employee's demand be honored and protects the employee's right to not have his home address revealed. (Op.Atty.Gen., No. 85-724, Oct. 1, 1985; No. 86-511, Oct. 20, 1986; copies enclosed herein.)
You also ask whether requests for information under the Public Records Act needs to be in written form. There is no such requirement under the Public Records Act. Moreover, LSA-R.S.44:32 mandates that the "custodian shall present any public record to any person of the age of majority who so requests", and shall not inquire as to the requestor's reasons for asking for the information. However, the custodian may maintain vigilance over the person reviewing the information and may establish and collect reasonable fees for making copies of public records.
In response to your second question, LSA-R.S. 44:1(2) defines public records as "all books, records, writings, . . . or any other documentary materials, . . . including information contained in electronic data processing equipment, havingbeen used, being in use, or prepared, possessed, or retained foruse in the conduct, transaction, or performance of any business,transaction, work, duty, or function which was conducted,transacted, or performed by or under the authority of theconstitution or laws of this state, . . ." (Emphasis added.)
Additionally, LSA-R.S. 18:576 mandates:
 A. Immediately upon receipt of the tabulation blank and compiled statement forms from the commissioners-in-charge, the clerks of court shall tabulate the results from each precinct in the parish.
 B. Each clerk of court shall transmit the results of the elections involving state candidates, as defined in R.S. 18:452, to the secretary of state immediately upon completion of the tabulation and in accordance with rules and regulations which shall be adopted by the secretary of state.
 C. The secretary of state shall compile the results of the elections involving state candidates immediately upon receipt of the results from the clerks of court and shall make the compiled results available to the press and public.
 D. The election night results required to be compiled and transmitted by the provisions of this section shall be unofficial.
Therefore, unofficial election results are required to be released by the Secretary of State's office to the public and media immediately upon receipt and compilation of the results transmitted from the clerk's office. However, it is the opinion of this office that election returns become public records as soon as such information is being used, prepared and/or possessed, or retained for transmission by the commissioners-in-charge, in accordance with the Public Records Act.
With respect to your third question regarding the arrangements of cash for election returns between the media and the commissioners-in-charge, this issue is one involving an ethical question of a public official, which we defer to the Ethics Commission.
We hope this opinion adequately addresses the issues you present. If we can be of further assistance, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________ ANGIE ROGERS LaPLACE Assistant Attorney General